UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| | ) | No. 3:07-CR-01 |
| V. | ) | (VARLAN/SHIRLEY) |
| | ) | |
| | ) | |
| STEVEN D. CASTLES | ) | |

ORDER OF DETENTION PENDING TRIAL

The defendant appeared in custody before the undersigned for a an initial appearance and arraignment on January 4, 2007. Assistant United States Attorney Tracy L. Stone was present representing the government and Paula R. Voss appeared as appointed counsel for the defendant. The government requested that the defendant be detained without bond pending trial pursuant to Title 18 U.S.C. Section 3142(f). Counsel for the defendant, announced that the defendant would waive a detention hearing at this time and reserve his right to move for a detention hearing at a later date. The defendant and his attorney executed a Waiver of Detention Hearing in open court.

The defendant is aware of his rights to a detention hearing and to require the government to meet its burden of proving that no conditions of release exist which will reasonably assure his appearance in court and the safety of the community. The defendant understands that if he waives his detention hearing, he will remain in custody pending trial. The defendant acknowledged in open court that he has no questions and understands his rights and the consequences of waiving those rights, and agreed to be detained without bond pending trial.

Upon consideration of defendant's waiver, the charge against him, and the report of the Pretrial Services Office, the Court finds that, at this time, no conditions of release will reasonably assure the appearance of the defendant in court and the safety of the community. Should information having a material bearing on the issue of release subsequently become available, indicating a change in the defendant's circumstances, the defendant, through counsel, may file a motion requesting a bond hearing.

It is, therefore, ORDERED that:

(1) Defendant be detained without bond pending trial;

(2) Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(3) Defendant be afforded reasonable opportunity for private consultation with counsel; and

(4) On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with any court proceeding.

**IT IS SO ORDERED.**

                   **ENTER:**

                           s/ C. Clifford Shirley
                           United States Magistrate Judge